IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

TORIANO PETERSON,

      Plaintiff,

v.                        Case No. 5:14cv265-MW/CJK

CORRECTIONS CORPORATION
OF AMERICA,

      Defendant.

_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION IN LIMINE

This Court has considered, without hearing, Defendant CCA's Motion in Limine, ECF No. 71.

Plaintiff Toriano Peterson sued Defendant Corrections Corporation of America ("CCA") for gender discrimination and retaliation for reporting an alleged incident of sexual harassment. This Court, in addressing CCA's motion for summary judgment, dismissed the gender discrimination claim as a matter of law but allowed the retaliation claim to proceed forward to trial. ECF No. 72.

CCA now moves in limine to exclude (1) allegations of retaliation allegedly beyond the scope of the original Equal Employment Opportunity Commission Charge; (2) the claim for punitive damages; and (3) alleged unfair treatment of

1

Peterson by a former CCA employee that occurred after that employee began working for another company.

This Court addresses each argument in turn.

### A. Statements beyond the Scope of the EEOC Complaint

CCA first moves to exclude statements by Peterson that it alleges are beyond the scope of his EEOC Charge and the Complaint.[1] Peterson alleged that, in retaliation against him for reporting sexual harassment, CCA's management had unfairly issued a "problem solving notice" as a purported disciplinary measure. For the first time in response to the motion for summary judgment, CCA argues, Peterson alleged that as a result of the problem solving notice he was denied transfer and promotion opportunities. CCA asks that the evidence regarding the denial of transfers and promotions be excluded.

CCA's request rests on the misconception that Peterson is alleging the denials of promotion and transfer opportunities as discrete acts of discrimination. But Peterson is not bringing a failure-to-promote claim. There is only one claim pending in this case; namely, retaliation. Peterson clearly alleged in his EEOC charge that he was retaliated against for reporting sexual harassment. ECF No. 71

---

[1] CCA insinuates that the evidence should also be excluded for failure to disclose it in response to its interrogatories. ECF No. 71 at 4. However, because CCA does not press this line of argument in its memorandum of law, this Court will not address it at this time.

at 2-3. Peterson properly exhausted his administrative remedies as to the retaliation claim.

It is thus irrelevant whether the denials of transfers and promotions were sufficiently stated in the EEOC charge. The denials, though themselves procedurally barred as the *bases* of discrimination charges, are still admissible as relevant circumstantial evidence of the retaliation claim that was properly raised in the charge. *See, e.g., Turlington v. Atlanta Gas Light Co.*, 135 F.3d 1428, 1436 (11th Cir. 1998) ("[A] plaintiff can use evidence of time-barred discriminatory conduct to meet his burden of persuasion in a case involving circumstantial evidence of discrimination.") (emphasis removed).

Accordingly, the case law that CCA cites is inapplicable. However, even if that law were to be applied, the evidence would still be admissible. As the case law cited by CCA notes, a "plaintiff's complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Haugabrook v. Cason*, 518 F. App'x 803, 808 (11th Cir. 2013) (citations and quotations omitted). Here, it would be entirely reasonable to expect an investigation of Peterson's claims to reveal that as a result of the retaliatory actions described in the EEOC charge, he was denied opportunities to transfer or be promoted.

Similarly, the fact that those specific allegations do not appear in the Complaint does not make them inadmissible. CCA does not—and cannot—cite any authority for the proposition that every piece of evidence to be introduced at trial must appear in the Complaint. Rather, the allegations regarding the denial of transfers and promotions are properly admissible as evidence of the claim of retaliation asserted in the Complaint.

This Court is aware that each discrete act of discrimination must be separately stated in an EEOC charge. *See Nat'l R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 114 (2002). But here, there is no failure-to-promote claim or other claim grounded on the discrete acts of denying Peterson's transfers and promotions. The only pending claim in this case is retaliation.

CCA's suggestion that all facts concerning the retaliation must be explicitly stated in the EEOC charge thus mixes apples and oranges. Rather, the evidence of the denial of transfer and promotion opportunities is being used only as circumstantial evidence of the properly-raised claim of retaliation, and it is relevant and admissible for that purpose.

CCA's motion is therefore **DENIED.**

## B. Punitive Damages

CCA next argues that Peterson's request for damages must be excluded because "the facts in this case do not meet the stringent requirements" for asserting punitive damages. ECF No. 71 at 10.

CCA's request is not an evidentiary motion in limine. *See Luce v. United States*, 469 U.S. 38, 40 n. 2 (1984) ("We use the term ["in limine"] in a broad sense to refer to any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered."). Rather, for all intents and purposes, it is a fact-dependent motion for summary judgment on the issue of punitive damages. However, the deadline for filing motions for summary judgment is long past, and because "the Federal Rules of Civil Procedure contain multiple rules allowing parties to dismiss claims; there is no need to disguise a motion for summary judgment in the clothing of a motion in limine." *Gold Cross Ems, Inc. v. Children's Hosp. of Alabama*, No. CV 113-081, 2015 WL 5334730, at *4 (S.D. Ga. Sept. 14, 2015).[2]

---

[2] In addition to a motion in limine, CCA moves alternatively under Fed. R. Civ. P. 16(c). However, regardless of the attempted procedural vessel, the request to decide the issue of punitive damages as a matter of law is substantively a motion for summary judgment, and it is untimely.

This Court notes that this issue may properly come before it as a Rule 50(a) motion for judgment as a matter of law, and it will consider the issue at that time if it is so raised.

Defendant's motion is therefore **DENIED.**

### C. Post-CCA Unfair Treatment

Finally, CCA argues that any evidence that Peterson presents of Chief Ronnie Holland's alleged unfair treatment of Peterson that occurred after both Peterson and Holland were laid off from CCA and re-employed by a different company, the GEO Group. Peterson concedes that excluding this evidence is proper.

Accordingly, CCA's request to exclude this evidence is **GRANTED**.

### CONCLUSION

For the reasons stated,

**IT IS ORDERED:**

Defendant's Motion in Limine, ECF No. 71, is **GRANTED IN PART, DENIED IN PART.**

**SO ORDERED on September 25, 2015.**

s/Mark E. Walker           
**United States District Judge**
